GULF, C. & S. F. RY. CO. et al. v. GREEN. (No. 1463.)

(Court of Civil Appeals of Texas. Texarkana. April 30, 1915. Rehearing Denied May 6, 1915.)

1. CARRIERS ☞230 — CARRIAGE OF LIVE STOCK—INJURY—LIABILITY OF RAILROAD.

In an action against a carrier of live stock for injuries to a jack in transit, question whether the foundering was caused by defendant held for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. ☞230.]

2. TRIAL ☞139 — WEIGHT OF EVIDENCE — QUESTION FOR JURY.

The weight of evidence is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ☞ 139.]

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by S. L. Green against the Gulf, Colorado & Santa Fé Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

---

The action is by appellee to recover damages for injury to a jack shipped on the lines of appellants from Celeste to Ft. Worth, and from Ft. Worth back to Celeste, Tex. Appellants traversed the allegation of negligent handling. The case was submitted to the jury on special issues, and, upon the findings that the injuries to the jack were caused by the alleged negligent handling in transit, the court entered judgment for appellee.

On March 7, 1913, appellee tendered to the Gulf, Colorado & Santa Fé Railway Company at Celeste a jack to be shipped to Ft. Worth, Tex., for the purpose of exhibition and possible sale at the fat stock show in that city. In the same car in which the jack was shipped were two horses belonging to other persons. The jack arrived in Ft. Worth on the morning of March 8th and was unloaded and placed in a barn belonging to the Ft. Worth Horse & Mule Company. There was some conflict in the testimony as to the jack's condition at the time he was unloaded and during the time he remained at Ft. Worth. The jury found that he was only slightly sore from the effects of shipment. The evidence on the part of the appellee goes to show that during the eight days he remained at Ft. Worth the jack was properly fed and watered and to the correct amount, and that the stall, the floor of which was made of concrete, he was put in was properly and well bedded with hay, and that his condition was good. Appellants' contention was that the jack was fed in turns by five different persons; the feeding being done by whoever at the barn was in charge of the stock at feeding time. On the afternoon of March 15, 1913, the jack was delivered to the appellant railway company for reshipment to Celeste, and it was shown that, at the time of the delivery to appellant, his condition was good. At the time of the delivery for reshipment the appellee properly wrapped and tied a blanket on the jack, and he had it on him at the time of the delivery. It was proved that removal of the blanket from the jack while en route might cause the jack to cool off too quickly, and this would be calculated to cause laminitis or founder. On arrival at Celeste on March 17th the blanket was gone from off the jack and could not be found, and the animal was found to be suffering from a disease called laminitis, or road founder, which greatly reduced his value. Except for this ailment, the jack showed no evidence of having been bruised or skinned or of having suffered other external violence. It was also shown, by evidence authorizing the jury to so find, that the road founder was due to violence to the feet, and not to improper feeding or watering. The jury found the injury did not result necessarily from the ordinary movements of the train. The employés of the train testified that there were no unusual delays and no rough or improper handling of the train from Ft. Worth to Celeste. But all the circumstances would authorize the inference, as found by the jury, that the injury to the animal was occasioned through some improper handling in transit of appellants. And, as there is evidence going to support the verdict of the jury as to alleged negligence in handling the jack and the amount of the verdict, their findings of fact are here adopted.

Dinsmore, McMahon & Dinsmore, of Greenville, Terry, Cavin & Mills, of Galveston, and Geo. Thompson, of Dallas, for appellants. W. A. Shields and Clark & Leddy, all of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The jury made the special finding that the ailment of road founder, which the jack was suffering from when he reached Celeste on March 17th was caused by appellants by "improper handling while in transit." The first assignment, properly construed, assails this finding of fact upon the ground of the legal insufficiency of the evidence to support it. It is concluded that this court cannot sustain the assignment as a matter of law, and it therefore must be overruled. According to the evidence of the veterinary surgeon, the jack, at the time he arrived at Celeste, was suffering from what is commonly called road founder, which is caused only by violence to the feet. This veterinarian says that he could tell that the jack was not suffering from founder caused by improper feeding and watering, through the temperature and other symptoms of the animal. And there was evidence going to show that the jack was fed and watered regularly and to the correct amount, and properly and sufficiently bedded and attended in the stall, and his condition good for the several days at Ft. Worth before delivery to appellants for reshipment to Celeste. He was also delivered by appellee to appellants properly blanketed for the weather. It was further shown by the veterinarian that jacks are easier to become road foundered than horses, and hard movements of a freight train are calculated to founder a jack, owing to his care before he was loaded on the train. And from these circumstances, considered with all the evidence, it was for the jury to say, as in their province, whether or not the inferences to be drawn were that the ailment was caused through some condition while in the charge of appellants. And while there is evidence on the part of appellants that the train was, in the opinion of the employés, operated carefully, the weight and force of all the evidence respecting its operation, as detailed, were matters for the consideration of the jury. The jury made the finding from the evidence that the injury was not necessarily incident to the ordinary and usual movements of the cars in which the jack was transported. And if the jury may, from all the facts, have further concluded, as we think they could have done, that the injury was only proximately caused by improper handling at some time in transit,

amounting to a want of ordinary care, the court would not be warranted, it is thought, in disturbing the verdict.

It is thought that the remaining assignments do not afford ground for reversible error, and they should be overruled.

The judgment is affirmed.